**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

TOI FRANK,

    **Plaintiff,**

                                    **CASE NO.:**

vs.

FOSTER & FOSTER
CONSULTING ACTUARIES,
INC.,

    **Defendant.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff TOI FRANK (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant FOSTER & FOSTER CONSULTING ACTUARIES, INC. (hereinafter "FOSTER" or "Defendant"), and in support of states as follows:

**INTRODUCTION**

This is an action for damages and all available relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the Pregnancy Discrimination Act of 1978 ("PDA"), which amended Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et. seq.*, the Pregnant Workers Fairness

Act ("PWFA"), and the Florida Civil Rights Act ("FCRA"). As a result, and for the violation of Plaintiff's rights to be free from pregnancy discrimination, Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, punitive damages (if permitted to be pled), attorneys' fees and costs, and any other relief to which the Plaintiff is entitled including but not limited to equitable relief.

## ADMINISTRATIVE PROCEDURES

1. Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under the PWFA, PDA, Title VII, and the Florida Civil Rights Act ("FCRA").

2. Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendant on June 25, 2025.

3. The EEOC issued its Notice of Right to Sue on April 14, 2026.

4. Therefore, Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue.

## JURISDICTION AND VENUE

5. Jurisdiction of this matter arises pursuant to 28 U.S.C. §1331 with federal questions involving Title VII, the PWFA and the FCRA. An express grant of federal court jurisdiction over these federal claims are found in Title VII at 42 U.S.C.§2000e-5(f)(3),

2

6.     This Court has supplemental jurisdiction over Plaintiff's state law claims.

7.     This Court further has jurisdiction over Plaintiff's claims because at all times material hereto this Complaint, Plaintiff worked for Defendant in Orlando, Orange County, Florida.

8.     The illegal conduct occurred within the judicial district in and for this District.

9.     Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this action occurred within the jurisdiction of this Court.

### STATUTORY PREREQUISITES

10.     Plaintiff is a member of a class of individuals protected by Title VII, the PDA, the PWFA, and the FCRA, because, at all times material to the allegations herein, Plaintiff experienced discrimination based on her pregnancy and disability.

12.     The Defendant meets the statutory criteria for coverage as an "employer" under Title VII, the PDA, the PWFA, and the FCRA.

13.     Plaintiff meets the statutory criteria for coverage as an "employee" under Title VII, the PDA, PWFA, and the FCRA.

3

14.    On or around June 25, 2025, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

15.    On April 14, 2026, the EEOC issued its right-to-sue-letter.

16.    Therefore, this Complaint is filed within 90 days of receiving her right-to-sue letter.

17.    Accordingly, Plaintiff has exhausted all administrative requirements set forth by Title VII, the PDA, the PWFA, and the FCRA.

18.    Plaintiff has satisfied all administrative prerequisites to perfect her claim.

## PARTIES

19.    Plaintiff is an adult individual who resides in Marietta, Cobb County, Georgia.

20.    At all times material hereto, Plaintiff worked for Defendant at a property located in Fort Myers, Lee County, Florida.

21.    Defendant is a limited liability company operating in Lee County, Florida and is within the jurisdiction of this Court and this District.

22.    Defendant was an employer as defined by the laws under which this action is brought and employs greater than 15 employees.

## FACTUAL ALLEGATIONS

23. Plaintiff was hired by the Defendant on March 4, 2024, as a Senior Benefits Analyst.

24. Plaintiff's primary responsibilities included calculating individual retirement benefits for Defendant's clients.

25. Prior to disclosing her pregnancy, Plaintiff had no performance or disciplinary issues.

26. A few months after beginning her employment, Plaintiff learned that she was pregnant.

27. On July 8, 2024, Plaintiff notified Sara Carlson, an Employee Representative, of her pregnancy.

28. A week later, on July 16, 2024, Plaintiff was advised that she was being placed on an expectations plan for alleged deficient performance.

29. Also, on that same day, Joe Griffen and Jason Franken informed Plaintiff that her annual salary was being reduced by $30,000.00, from $90,000.00 to $60,000.00.

30. On July 17, 2024, Plaintiff contacted Tyler Koffman, an employee representative of Defendant, to complain about the reduction in her salary.

31. During that conversation, Plaintiff advised Koffman that she believed the pay reduction was discriminatory because it occurred days after announcing her pregnancy.

5

32.    Koffman instructed Plaintiff to discuss the matter with Bradley Heinrich.

33.    On July 19, 2024, Plaintiff spoke with Heinrich regarding the pay reduction and again advised him of her pregnancy and ongoing pregnancy-related medical treatment.

34.    During that conversation, Heinrich presented Plaintiff with two options: accept the $30,000.00 salary reduction or complete a thirty (30) day expectations plan.

35.    Plaintiff elected to complete the expectations plan because she could not afford the salary reduction due to her pregnancy.

36.    Plaintiff successfully completed the expectations plan on August 19, 2024.

37.    Thereafter, Plaintiff continued performing her job duties and had no conversations with anyone that her performance was deficient.

38.    On September 20, 2024, Plaintiff asked Sandra Heinrich, of Human Resources, for information regarding the process for notifying Defendant of her intent to take maternity leave.

39.    On September 25, 2024, Plaintiff submitted her official notice advising Defendant of her intent to begin maternity leave effective January 25, 2025.

40. Just over a week later, on October 3, 2024, Plaintiff's employment with Defendant was terminated.

41. The reason given to Plaintiff regarding why she was being terminated was  because she allegedly failed to successfully complete the expectations plan.

42. This reason is false and a pretext for discrimination and retaliation as Plaintiff successfully completed the expectations plan on August 19, 2024.

43.

44. Defendant terminated Plaintiff because of her pregnancy and in retaliation for notifying Defendant of her intent to take pregnancy related leave.

**COUNT I**
**PREGNANCY DISCRIMINATION UNDER THE PREGNANCY DISCRIMINATION ACT AND TITLE VII**

45. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 44 above as if fully set forth herein.

46. Defendant discriminated against Plaintiff based on her pregnancy.

47. Defendant engaged in unlawful employment practices prohibited by Title VII by discriminating against Plaintiff as set forth above.

48. Defendant engaged in unlawful employment practices prohibited by the Pregnancy Discrimination Act by discriminating against Plaintiff as set forth above.

49.    Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

50.    Based on the conduct described in this Complaint, Defendant is liable for discrimination in violation of the Pregnancy Discrimination Act and Title VII.

51.    The above discrimination was done by Defendants with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering;

    e.    Injunctive relief;

    f.    Prejudgment interest;

    g.    Costs and attorney's fees; and

h.      Such other relief as the Court may deem just and proper.

## COUNT II
## RETALIATION IN VIOLATION OF PREGNANCY DISCRIMINATION ACT AND TITLE VII

52.     Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 44 above as if fully set forth herein.

53.     Plaintiff brings this cause of action pursuant to Title VII and the PDA.

54.     Plaintiff is a member of a protected class because she was pregnant.

55.     At all material times, Plaintiff was qualified to perform her job duties.

56.     Plaintiff was subjected to the adverse employment action of having been terminated.

57.     Defendants retaliated against the Plaintiff for requesting reasonable accommodations due to her pregnancy.

58.     The acts of Defendant, by and through their agents and employees, violated Plaintiff's rights against retaliation under Title VII and the PDA because they treated Plaintiff less favorably because of her pregnancy.

59.     Defendant do not have a legitimate, non-retaliatory reason for firing Plaintiff.

60.     The conduct of Defendant and its agents and employees,

9

proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

61.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendants, to deter Defendants, and others, from such conduct in the future.

62.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Title VII.

63.     Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

 a.     Back pay and benefits;

 b.     Interest on back pay and benefits;

 c.     Front pay and benefits;

 d.     Compensatory damages for emotional pain and suffering;

 e.     Injunctive relief;

10

f.   Prejudgment interest;

g.   Costs and attorney's fees; and

h.   Such other relief as the Court may deem just and proper.

**COUNT III**
**PREGNANCY DISCRIMINATION IN VIOLATION OF THE FCRA**

66.   Plaintiff restates and incorporates herein the foregoing paragraphs 1-4, 7-8, and 10 through 44 above by reference as if fully set forth herein Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

67.   Plaintiff was a pregnant female and a member of a protected class.

68.   Plaintiff was qualified for her current position because she had performed in that position for a substantial period of time.

69.   Plaintiff was subjected to the adverse employment action of constructive termination.

70.   Plaintiff was treated less favorable than non-pregnant, similarly situated employees.

71.   Defendant discriminated against Plaintiff because of her pregnancy.

72.   The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under the FCRA because it treated Plaintiff less favorably because of her pregnancy.

11

73.    The discrimination to which Plaintiff was subjected was based on her pregnancy.

74.    Defendant does not have a legitimate, non-discriminatory reason for its constructive termination of the Plaintiff.

75.    The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

76.    The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

77.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

78.    Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**COUNT IV**
**RETALIATION UNDER THE FCRA**

12

79.　Plaintiff restates and incorporates herein the foregoing paragraphs 1-4, 7-8, and 10 through 44 above by reference as if fully set forth herein.

80.　Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

81.　Plaintiff was a pregnant female and a member of a protected class.

82.　Plaintiff was qualified for her current position because she had performed in that position for a substantial period of time.

83.　Plaintiff was subjected to the adverse employment action of constructive termination.

84.　Plaintiff was treated less favorable than non-pregnant, similarly situated employees.

85.　Defendant discriminated against Plaintiff because of her pregnancy.

86.　The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under the FCRA because it treated Plaintiff less favorably because of her pregnancy.

87.　The discrimination to which Plaintiff was subjected was based on her pregnancy.

88.　Defendant does not have a legitimate, non-discriminatory reason for its constructive termination of the Plaintiff.

13

89. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

90. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

91. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

92. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

## COUNT V
## VIOLATION OF THE PREGNANT WORKERS FAIRNESS ACT

93. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 44 above as if fully set forth herein.

94. Plaintiff was pregnant.

95. Plaintiff requested a reasonable accommodation from Defendant,

**Commented [AH1]:** What pregnancy related accommodations did she request? I do not recall any facts regarding an accommodation????

14

including extended leave, for limitations related to her pregnancy and post-partum preeclampsia.

96. Defendant was aware of Plaintiff's pregnancy at the time that she requested reasonable accommodation due to her post-partum preeclampsia.

97. Nonetheless, Defendant failed to accommodate Plaintiff by denying her reasonable accommodation request.

98. By failing to accommodate Plaintiff, Defendant violated the PWFA.

99. It would not have been an undue burden on Defendant to accommodate Plaintiff.

100. Defendant's failure to accommodate Plaintiff is a violation of the PWFA.

101. Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

102. Defendant's conduct complained of herein has deprived Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her pregnancy.

103. As a direct and proximate result Defendant's violation of the PWFA, Defendant adversely affected her psychological and physical well-being, causing her harm compensable under the PWFA.

15

104.    As a result of Defendant's discriminatory actions against Plaintiff, Defendant caused her lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

105.    Pursuant to the PWFA, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the PWFA, as amended.

106.    Defendant has exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

107.    Plaintiff thus seeks compensatory and punitive damages against Defendant.

**COUNT VI**
**RETALIATION IN VIOLATION OF THE PWFA**

108.    Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 44 above as if fully set forth herein Plaintiff brings this cause of action pursuant to the PWFA.

109.    Plaintiff is a member of a protected class because she was pregnant.

110.    At all material times, Plaintiff was qualified to perform her job duties.

16

111.   Plaintiff was subjected to the adverse employment action of having been terminated.

112.   Defendants retaliated against the Plaintiff for requesting reasonable accommodations due to her pregnancy.

113.   The acts of Defendant, by and through their agents and employees, violated Plaintiff's rights against retaliation under the PWFA because they treated Plaintiff less favorably because of her pregnancy.

114.   Defendant do not have a legitimate, non-retaliatory reason for firing Plaintiff.

115.   The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

116.   The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendants, to deter Defendants, and others, from such conduct in the future.

117.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to PWFA.

118.   Plaintiff has no plain, adequate, or complete remedy at law for the

17

actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

i.     Back pay and benefits;

j.     Interest on back pay and benefits;

k.     Front pay and benefits;

l.     Compensatory damages for emotional pain and suffering;

m.     Injunctive relief;

n.     Prejudgment interest;

o.     Costs and attorney's fees; and

p.     Such other relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury.

Dated this 13th day of July, 2026.

Respectfully submitted,

*/s/ J.P. Numa*
J.P. Numa, Esq. – LEAD COUNSEL
FBN: 1015371
Anthony J. Hall, Esq.

18

GA Bar No. 40924
THE LEACH FIRM, P.A.
1560 N Orange Avenue, Suite 600
Winter Park, Florida 32789
Telephone: (407) 574-4999
Facsimile: (833) 523-5864
Email: jpnuma@theleachfirm.com
Email: aarmstrong@theleachfirm.com
***Attorneys for Plaintiff***

19